[Civ. No. 10242.   Second Appellate District, Division One.—February 14, 1935.]

GLEN H. McEWAN, Petitioner, v. ROBERT DOMINGUEZ, as City Clerk, etc., et al., Respondents.

Dailey S. Stafford for Petitioner.

Ray L. Chesebro, City Attorney, G. Ellsworth Meyer, Deputy City Attorney, and Loren A. Butts for Respondents.

THE COURT.—The petitioner McEwan, a qualified elector and freeholder within the eleventh councilmanic district of the city of Los Angeles, has applied to this court for a writ of mandate to require of the respondent Dominguez, city clerk of the city of Los Angeles, that he omit the name of Robert S. MacAlister (hereinafter called defendant) from the roll of candidates on the sample ballots and official ballots of the city of Los Angeles to be used at the forthcoming primary election on the second day of April, 1935, of candi-

dates for member of the council to be chosen at that election.

■ Although it is admitted that said defendant is duly qualified in all respects except in one particular, nevertheless, petitioner contends that defendant has not been a resident of the eleventh councilmanic district for the full period of two years next preceding the date of said primary election (as required by the city charter, sec. 307), and that for this reason he is not entitled to have his name placed on the ballot.

The cause is now submitted to the court upon a stipulation of facts. From that stipulation it must be conceded that defendant has been a resident within the eleventh councilmanic district at all times since the month of October, 1928, unless upon the particular facts stated it should be determined that he ceased to be a resident of said district, and was not resident therein from the third day of March, 1934, until on or about the seventeenth day of May following.

Without entering into an extended recital of the facts it is sufficient to say that the removal of MacAlister from his home on Hayworth Avenue in the eleventh district appears to have been forced upon him by foreclosure proceedings; that his occupancy of a house on Stearns Avenue outside the borders of said district was merely a temporary result of said foreclosure proceedings; that he never intended to change his residence to any place outside the eleventh councilmanic district; and that he promptly made arrangements to return and did return to actual residence within that district, as at all times he intended to do.

From the admitted facts we conclude that the said MacAlister possesses the residence qualifications required by the city charter, and that the petition for writ of mandate should be denied. It is so ordered.